UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OOS INVESTMENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV309 RWS |
| | ) |
| MEDIA GLOW DIGITAL, LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff has sued defendant for breach of a lease agreement. Defendant, an Oklahoma corporation, has moved to dismiss this case for lack of personal jurisdiction, averring that "at no time did any officer, employee, agent, or representative of Media Glow visit Missouri to meet with, or discuss, the matters pertaining to the Times Square Lease Sale Agreement with OOS." Defendant also argues that it has conducted no business in Missouri and that the subject of the instant action was a lease agreement for a billboard in New York City. In opposition to dismissal, plaintiff (a Missouri corporation) filed an affidavit claiming that "a management level executive of Media Glow traveled to Chesterfield, Missouri for business, including the Times Square Lease Sale Agreement and other potential business opportunities with OOS. In 2010, Clark Cummins, in his capacity as President of Media Glow, traveled to St. Louis and met with me at OOS's corporate office in Chesterfield, Missouri. At this meeting, we discussed OOS's obligations regarding the Times Square Lease Sale Agreement, as well as potential future business transactions between OOS and Media Glow." Plaintiff also contends that defendant negotiated the deal with its Missouri lawyers and directed numerous phone calls and emails, as well as a payment of over two million dollars, to Missouri. Plaintiff also points to a Missouri

choice-of-law provision in the agreement.

For a federal court to exercise personal jurisdiction over a non-resident defendant, two prerequisites must be satisfied. Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010); see KV Pharmaceutical, 648 F.3d at 592. First, the forum state's long arm statute must be satisfied. Viasystems, 646 F.3d at 593; Johnson, 614 F.3d at 794. Second, the Court must determine whether the defendant has sufficient contacts with the forum state to satisfy the Due Process clause of the Fourteenth Amendment. Johnson, 614 F.3d at 794; Miller, 528 F.3d at 1090; Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003); St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001); Clune, 244 F.3d at 541; Redwing, 146 F.3d at 543l; Burlington Indus., 97 F.3d at 1102.

In Missouri, specific personal jurisdiction is authorized only to the extent that "the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute." Conway v. Royalite Plastics, Ltd., 12 S.W.3d 314, 318 (Mo. banc 2000). Missouri's long-arm statute authorizes personal jurisdiction over defendants who, inter alia, transact business, make a contract, or commit a tort within the state. Mo. Rev. Stat.§ 506.500.1. These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted "to provide for jurisdiction, within the specific categories enumerated in the statute[ ], to the full extent permitted by the [D]ue [P]rocess [C]lause." State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. banc 1984).

The second prerequisite—minimum contacts—is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." J. McIntyre Mach., Ltd. v. Nicastro, 131 S.Ct. 2780, 2787 (2011).

Due process requires that a plaintiff show that a non-resident have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Id.; World–Wide Volkswagen v. Woodson, 444 U.S. 286, 291–92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109–112 (1987); Guinness Import Co. v. Mark VII Distributors, Inc., 153 F.3d 607, 614 (8th Cir. 1998). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World–Wide Volkswagen, 444 U.S. at 297; Stanton, 340 F.3d at 694; Epps, 327 F.3d at 648. Sufficient minimum contacts "requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Nicastro, 131 S.Ct. at 2787 (internal quotation marks and citation omitted); see Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." Stanton, 340 F.3d at 693–94 (internal quotation marks and citation omitted). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." Stanton, 340 F.3d at 694 (internal quotation marks and citation omitted). That is, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. In other words, the cause of action must arise out of or relate to a defendant's activities within a state." Romak USA, 384 F.3d at 984 (internal citations omitted).

The Eighth Circuit Court of Appeals established a five factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. Romak USA, 384 F.3d at 984. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Id. The first three factors are of "primary importance," while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Id.[1]

"Before addressing the five factors set forth above, we first turn to the role of contracts in the personal-jurisdiction analysis." KV Pharmaceutical, 648 F.3d at 593. "A contract between a plaintiff and an out-of-state defendant is not sufficient in and of itself to establish personal jurisdiction over the defendant in the plaintiff's forum state." Id. (citing Burger King, 471 U.S. at 478–79). "Personal jurisdiction, moreover, does not turn on "mechanical tests or on conceptualistic theories of the place of contracting or of performance." Id. (internal citation and quotation marks omitted). The Supreme Court has instead

> emphasized the need for a "highly realistic" approach that
> recognizes that a "contract" is "ordinarily but an intermediate step

---

[1]With respect to the third factor, the Supreme Court has differentiated between general and specific jurisdiction. Viasystems, 646 F.3d at 589. "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Id. at 593 (internal quotation marks and citation omitted). General personal jurisdiction may be exercised if a defendant has maintained systematic and continuous presence in a forum state such that it has purposefully availed itself of the privileges of a particular state's laws to the point where exercising jurisdiction does not offend traditional notions of fair play or substantial justice. Nicastro, 131 S.Ct. at 2787. Unlike specific personal jurisdiction, general personal jurisdiction does not require a direct relationship between the defendant's contacts with the forum and the plaintiff's cause of action. See Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

> serving to tie up prior business negotiations with future
> consequences which themselves are the real object of the business
> transaction." It is these factors—prior negotiations and
> contemplated future consequences, along with the terms of the
> contract and the parties' actual course of dealing—that must be
> evaluated in determining whether the defendant purposefully established minimum contacts within

Burger King, 471 U.S. at 479 (internal citation and quotation marks omitted). Courts should also consider the terms of the contract and its contemplated future consequences in deciding whether personal jurisdiction over a non-resident defendant exists. K-V Pharmaceutical, 648 F.3d at 594 (citing Burger King, 471 U.S. at 478-79). Finally, "[a]lthough choice-of-law provisions specifying that the forum state's laws govern are insufficient on their own to confer personal jurisdiction, they provide further evidence of a defendant's deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." Id. (internal citation and quotation marks omitted).

Even if defendant's contacts satisfy Missouri's long-arm statute, they must also "comport with the strictures of the Due Process Clause" before the Court may exercise personal jurisdiction over a non-resident defendant. Viasystems, Inc. v. EBM–Pabst St Georgen GMBH & Co., KG, 646 F.3d 589, 594 (8th Cir. 2011). Here, e-mails, phone calls, and a money transfer to Missouri are insufficient to establish personal jurisdiction over defendant in this case. "[I]ncidental contacts with Missouri -- scattered e-mails, phone calls, and a wire-transfer of money to [plaintiff] in Missouri -- do not constitute a deliberate and substantial connection with the state such that [defendant] could reasonably anticipate being haled into court there." Id. (internal quotation marks and citations omitted). "Indeed, these isolated connections are just the sort of random, fortuitous, and attenuated contacts that cannot justify the exercise of personal

jurisdiction." Id. (internal citations omitted). The outcome is not changed by the Missouri choice-of-law provision. See Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 523 (8th Cir. 1996) (affirming district court's dismissal for lack of personal jurisdiction where non-resident defendant's contacts with forum state consisted of numerous faxes and letters, several phone calls in connection with the contract in dispute, and choice-of-law provision).[2] On the other hand, when these types of contacts are combined with *in person visits* to the forum state by the non-resident defendant to discuss the contract at issue and a Missouri choice-of-law provision, the Court may exercise personal jurisdiction over the defendant consistent with due process. KV Pharmaceutical Co. v. J. Uriach & CIA, S.A, 648 F.3d 588, 591(8th Cir. 2011).

Therefore, whether this Court may exercise personal jurisdiction over defendant consistent with due process turns on any alleged visits that defendant made to Missouri in connection with this lease agreement.[3] As I stated above, the parties have submitted competing statements to me, made under oath, on this issue. I will therefore hold an evidentiary hearing on defendant's motion on Tuesday, April 8, 2014 at 10:00 a.m. The parties are expected to present testimony in my courtroom on all issues relevant to personal jurisdiction. As I will be required to

---

[2] Nor is it persuasive that plaintiff "personally executed the [agreement] in Missouri . . . ." (Doc. # 19-1). The Digi-Tel court rejected a similar argument that the court had personal jurisdiction over the non-resident defendant because the contract provided that it was deemed executed in the forum state by stating, "We merely observe that the United States Supreme Court long ago rejected the notion that personal jurisdiction might turn on mechanical tests or on conceptualistic theories of the place of contracting or of performance." 89 F.3d at 523 n.5 (internal quotation marks and citation omitted). Thus, even if true it does not vest the Court with personal jurisdiction over defendant in this case.

[3] It matters not whether these visits took place before or after the agreement was signed.

make credibility determinations, any party who rests solely on affidavit testimony does so at its own peril. Of course, plaintiff here bears the burden to show that jurisdiction exists by a preponderance of the evidence. Dakota Industries, Inc. V. Dakota Sportswear, Inc., 946 F.2d 1384 (8th Cir. 1991); KV Pharmaceutical, 648 F.3d at 591-92; Viasystems, Inc. v. EBM–Pabst St Georgen GMBH & Co., KG, 646 F.3d 589, 592 (8th Cir. 2011); Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008); Dever v. Hentzen Coatings, 380 F.3d 1070, 1072 (8th Cir. 2004); Epps v. Stewart Information Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003); Burlington Indus. v. Maples Indus., 97 F.3d 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992); Enterprise Rent–A–Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1154 (E.D. Mo. 2001).

I will announce my decision at the conclusion of the hearing. I am gravely concerned, given the current state of the record, that perhaps one of the parties (and possibly one or more members of this bar)[2] has the idea that misrepresenting jurisdictional facts to the Court is an acceptable litigation strategy. It is not. Any party, upon further reflection or investigation of the underlying facts, seeking to amend its evidence, withdraw its motion, or dismiss its case without prejudice may do so without consequences before the hearing. However, if the Court is forced to hold this hearing and make findings as to the truthfulness of the witnesses and/or parties involved, sanctions will issue against the offending party and/or the attorneys involved for the continued prosecution of a meritless claim or defense. Therefore, I urge the attorneys to carefully investigate the underlying facts and impress upon their clients the seriousness of the issues before me prior to this hearing. Although I previously granted defendant leave to file a reply brief in

---

[2]This includes Mr. Rosell, who is admitted to this bar *pro hac vice*.

support of its motion, I have decided, upon reconsideration, that no further briefing will be permitted on this issue. Any more statements or testimony about the nature of defendant's contacts with Missouri relative to personal jurisdiction, and about the inherent inconsistencies in the parties' statements, will be made to me in open court, on the record.

Accordingly,

**IT IS HEREBY ORDERED** that the Court will hold an evidentiary hearing on defendant's motion to dismiss on **Tuesday, April 8, 2014 at 10:00 a.m. in Courtroom 16-South**. The parties are expected to present testimony, preferably through live witnesses, and in addition counsel will be expected to address the issues set out above.

**IT IS FURTHER ORDERED** that **no additional briefing is permitted, and defendant is no longer permitted to file a reply brief in support of its motion**.

**IT IS FURTHER ORDERED** that **the Rule 16 conference previously set for April 17, 2014, is cancelled and will be reset, if necessary, following the Court's resolution of the pending motion and any resultant sanctions.**

_[signature]_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2014.